FILED

MAY 03 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELENO EMPERATRIZ LOPEZ-
CIFUENTES; ELCIAS ELENO LOPEZ-
MAZARIEGOS,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-71187

Agency Nos. A072-141-396
A079-566-323

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before:     RYMER, THOMAS, and PAEZ, Circuit Judges.

Eleno Emperatriz Lopez-Cifuentes and Elcias Eleno Lopez-Mazariegos,

natives and citizens of Guatemala, petition for review of the Board of Immigration

Appeals' order summarily affirming an immigration judge's ("IJ") decision

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's finding that the three unfulfilled threats by the guerillas, even considered cumulatively, did not rise to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (unfulfilled threats, without more, generally do not constitute past persecution). Substantial evidence also supports the IJ's determination that petitioners failed to establish a well-founded fear of future persecution in light of changed country conditions in Guatemala. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002) (when a petitioner has not established past persecution, the agency may "rely on all relevant evidence in the record, including a State Department report, in considering whether the petitioner has demonstrated that there is good reason to fear future persecution."). Accordingly, petitioners' asylum claim fails.

Because Lopez-Cifuentes failed to establish his eligibility for asylum, he necessarily failed to meet the higher standard of eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the IJ's denial of CAT relief because Lopez-Cifuentes has not shown it is more likely than not he will be tortured if returned to Guatemala. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

We lack jurisdiction to review petitioners' contention that they qualify for humanitarian asylum because they failed to exhaust this claim before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**